**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-1079**

FREDERICK FELT,

          Plaintiff - Appellant,

     v.

MEI TECHNOLOGIES, INC.; DELL SERVICES FEDERAL GOVERNMENT,
INC.,

          Defendants - Appellees.

Appeal from the United States District Court for the District of
Maryland, at Greenbelt. J. Frederick Motz, Senior District
Judge. (8:12-cv-02873-JFM)

Submitted: September 29, 2014      Decided: October 7, 2014

Before GREGORY and DIAZ, Circuit Judges, and DAVIS, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

Mitchell I. Batt, SULLIVAN TALBOTT & BATT, Rockville, Maryland,
for Appellant. Joanna Lee Faust, Timothy Joseph McEvoy, CAMERON
MCEVOY, PLLC, Fairfax, Virginia; Joel Jacob Borovsky, Teresa
Burke Wright, JACKSON LEWIS, LLP, Reston, Virginia, for
Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Frederick Felt appeals the district court's order granting summary judgment in favor of MEI Technologies, Inc., ("MEI") and Dell Services Federal Government, Inc., on his claims of retaliation under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. §§ 2000e to 2000e-17 (2012), the Maryland Human Relations Act, and the Prince George's County Code. We affirm.

We review de novo a district court's order granting summary judgment. D.L. ex rel. K.L. v. Balt. Bd. of Sch. Comm'rs, 706 F.3d 256, 258 (4th Cir. 2013). Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In determining whether a genuine issue of material fact exists, we view the facts, and draw all reasonable inferences therefrom, in the light most favorable to the nonmoving party. Bonds v. Leavitt, 629 F.3d 369, 380 (4th Cir. 2011).

The relevant inquiry on summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson, 477 U.S. at 251-52. An otherwise properly supported summary judgment motion

2

will not be defeated by the existence of some factual dispute, however; only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Id. at 248.

Felt first argues that there is sufficient evidence to establish that he was terminated in retaliation for protected activity. Because Felt presented no direct evidence of retaliation, his Title VII claims are analyzed under the familiar burden-shifting framework established in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). Price v. Thompson, 380 F.3d 209, 212 (4th Cir. 2004). A plaintiff can establish a prima facie case of retaliation by demonstrating that: (1) he engaged in a protected activity; (2) the defendant took an adverse action against him; and (3) there was a causal connection between the first two elements. Id. at 212. If a prima facie case is established, the burden of production shifts to the defendant to articulate a legitimate, nonretaliatory basis for the action. Id. Once this burden is met, the plaintiff must show that the proffered reasons are pretextual. Id. Throughout this process, the plaintiff bears the ultimate burden of "establish[ing] that . . . h[is] protected activity was a but-for cause of the alleged adverse action by the employer." Univ. Tex. Sw. Med. Ctr. v. Nassar, 133 S. Ct. 2517, 2534 (2013).

3

We conclude that Felt failed to establish a prima facie case of retaliation under Title VII, as he did not demonstrate a causal connection between his discharge and his protected activity. The record reflects that the two MEI personnel identified by Felt as retaliating against him did not have a significant influence on the termination decision. Moreover, Felt failed to demonstrate that the legitimate, nonretaliatory reasons for terminating his employment were pretext for retaliation. To the contrary, there is sufficient evidence that Felt's termination was caused by his failure to meet the expectations of his employment.

We likewise reject Felt's retaliation claims brought pursuant to Maryland state law, as he has not established that his engagement in protected activity caused or was a motivating factor in his termination. Accordingly, we affirm the judgment of the district court.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

4